Chief Justice Robertson,
delivered the opinion of the court.
The Commonwealth, for the use of Wilson Mayo, as administrator of a deputy sheriif, obtained a judgment, by default, for damages against r> u j , . °. Brown, a shentl, and others as his sureties, in an action of covenant on the official bond. And the only question presented by the record is, whether the declaration exhibits a good cause o.f action.
Before there is a cause of action against the sureties of a sheriff it must appear that sheriff has failed to do something which the law made it his duty to do, or has done something which was contrary to his official duty.
Davis, for plaintiffs.
The declaration avers- that Brown, as sheriff, on> the 12th of July, 1825, received from Mayo, as ad? ministralor of Hickman Stratton, late a deputy sheriff and collector of Floyd county, “a certain list of taxes, levies, bills and fees due to the collector of said county;” and promised to collect and account for them; but that he had totally failed to collect or account for them or any part of them. This averment does nob shew such a breach of the sheriff’s bond as to subject his sureties to damages. Before there can be any cause of action against them, it must appear that the sheriff had failed to do something which the law made it his duty to do: or did something which was contrary to his official duty. Unless he was bound to receive and collect the “bills” &c. placed in his hands by the relator, his failure to collect them or to account for them could not be deemed such an official* delinquency as would amount to a breach of his bond; (Edwards’ executor vs. Taylor, IV. Bibb 353.)
As to the taxes and levies, there is nothing in the declaration which shews that it was the sheriff’s duty to collect them. It does not appear that they belonged to his predecessor, nor that he succeeded that predecessor'in consequence of his death, resignation or removal from office. As to the “bills” and “fees” of^he “collector,” it does not appear, in the declaration, what they were, nor that the sheriff was bound to collect them. An.d there is no averment tending, in any manner, to shew that any part of the “i'isi” could have been collected by distress-.
If thesheriff’s receiptcould be deemed a part of the declaration, by reference, it would shew that the fees &c. were not those of the deputy sheriff on whose estate the relator administered. And if the receipt be not a part of the declaration the insufficiency of its averments is therefore more manifest, because it does not'shew what the “fees” or bills were, or how they had been issued; (May vs. Johnson, II. Bibb 220.)
Wherefore, the circuit court erred in refusing to arrest the judgment.
Judgment reversed and cause remanded with instructions to allow an amendment, if it shall be proposed; otherwise to dismiss the suit.